[Cite as *State v. Wolfenbarger*, 2018-Ohio-1007.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 6-17-18

    v.

THOMAS G. WOLFENBARGER,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20172076

**Judgment Affirmed**

**Date of Decision:  March 19, 2018**

APPEARANCES:

    *Todd A. Workman* **for Appellant**

    *Jason M. Miller* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Thomas G. Wolfenbarger ("Wolfenbarger") appeals the judgment of the Hardin County Court of Common Pleas, alleging that the trial court did not adequately notify him of his postrelease control sanctions during his sentencing hearing. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On May 25, 2017, Wolfenbarger was charged with one count of intimidation in violation of R.C. 2921.03; one count of domestic violence in violation of R.C. 2919.25(A); one count of violating a protection order in violation of R.C. 2919.27(A)(1), (B)(4); and one count of criminal endangering or damaging in violation of R.C. 2909.06(A)(1). Doc. 1. On July 28, 2017, Wolfenbarger pled guilty to all four of these charges. Doc. 18, 19. On September 6, 2017, Wolfenbarger appeared for sentencing. Tr. 1.

{¶3} At the sentencing hearing, the trial judge determined that the first count—intimidation in violation of R.C. 2921.03—and the third count—violating a protection order in violation of R.C. 2919.27(A)(1)—merged. Tr. 26. After this determination, the trial court sentenced Wolfenbarger to twenty-four months in prison for the first count and then sentenced Wolfenbarger to twenty-four months in prison for the third count. Tr. 27-28. The trial court ordered the sentences for the first and third counts to be served concurrently. Tr. 28. The trial judge then

sentenced Wolfenbarger on the second and fourth counts charged against him.  Tr. 28.    Since the second and fourth counts charged against Wolfenbarger were misdemeanor offenses, the trial court ordered the sentences for these offenses to be served concurrently with the sentences for the felony offenses.  Tr. 29.

{¶4} The sentence for the first count came with a term of postrelease control. Tr. 30, 38.  The trial judge then made the following statement to Wolfenbarger:

> **Because of the nature of these crimes it would be mandatory that you serve post-release control supervision at the time that you would be released from prison if you flat time out—which means if you choose to serve the whole sentence that the Court has given you, when you would be released the parole board would place you on post-release control supervision for a period of three years. If they place you on that, Mr. Wolfenbarger, and if you violate any of their terms, those violations could result in them sending you back to prison for ninety days for every violation, however they cannot accumulate them to more than half of the term the Court's giving you.  The exception to that rule is if you violate it by committing any new felony crime of any sort, not only could you naturally be sent to prison in that new felony case, but you're looking at a sanction for violating your post-release control supervision, and there it can start with a minimum of one year, go up to the amount of days remaining.  So if you were started on a full three years and violated within the first month—which I've seen happen—you could be looking at another two years and eleven months, perhaps, that would be included to run consecutively, but law to run consecutively, with the new prison term.**

Tr. 30-32.  After explaining postrelease control to Wolfenbarger, the trial court recessed briefly.  Tr. 37.

{¶5} During the recess, the trial judge determined that Wolfenbarger should not have been sentenced on counts one and three since these two counts merged at

sentencing. Tr. 38. After the recess, the trial court asked whether the prosecution would elect to proceed on the first count or the third count. Tr. 38. The prosecution elected to proceed on the first count. Tr. 38. In response, the trial judge stated: "[w]e will not sentence on count three. Count one will be the exact same sentence I already told you. Count one is, in fact, the sentence that carries mandatory PRC time, so I've already informed you of that." Tr. 38.

{¶6} On September 11, 2017, the trial court issued Wolfenbarger's sentencing entry. Doc. 24. Having filed his notice of appeal, Wolfenbarger raises the following assignment of error:

> **The trial court erred when it failed to notify Appellant of the mandatory Post Release Control Sanctions when he was sentenced on the allied offenses.**

In his sole assignment of error, Wolfenbarger argues that the trial court should have advised him of his postrelease control sanctions after the trial court modified his sentence to reflect the merger of counts one and three.

*Legal Standard*

{¶7} "Postrelease control is a period of supervision that occurs after a prisoner has served his or her prison sentence and is released from incarceration, during which the individual is subject to specific sanctions with which he or she must comply." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 35. "[A] trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing" and * * * "any sentence imposed without such

-4-

notification is contrary to law." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. Under R.C. 2929.19(B),

> **the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.**

*Grimes* at ¶ 1.

*Legal Analysis*

{¶8} At the sentencing hearing in this case, the trial judge advised Wolfenbarger (1) that postrelease control was mandatory for him; (2) that he would be subject to postrelease control for three years; and (3) that he would be supervised after the parole board placed him in postrelease control. Tr. 30-32. *See Grimes* at ¶ 1. The trial judge also explained the consequences of violating the terms of postrelease control. Tr. 30-32. *See Grimes* at ¶ 1. Thus, the trial judge gave adequate notification of postrelease control to Wolfenbarger at the sentencing hearing.

{¶9} The fact that the trial judge modified the sentence as to the third count charged against Wolfenbarger during the sentencing hearing does not affect the adequacy of this notification. After the recess, no changes were made to the

sentence that came with the first count since the prosecution elected to proceed on the first count instead of the third count. Further, the trial judge clearly stated that the period of postrelease control came with the first count charged against Wolfenbarger and that this sentencing modification would not affect the terms of his postrelease control. Thus, Wolfenbarger's first assignment of error is overruled.

*Conclusion*

{¶10} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hardin County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**